UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT B TASSIN, JR. (#117747)                                CIVIL ACTION

VERSUS

NATHAN CAIN, ET AL.                                          NO.:15-00570-BAJ-EWD

RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 39)**, pursuant to 28 U.S.C. § 636(b)(1), addressing Defendants' Motions for Summary Judgment on Plaintiff's 42 U.S.C. § 1983 claims. The Magistrate Judge recommended that the Motions for Summary Judgment filed by Defendants Burl Cain, James LeBlanc, Stephanie Lamartiniere, John Rabalais, and Jessie Burkes (R. Docs. 19 and 37) be granted, and that the District Court dismiss Plaintiff's claims under the Americans With Disability Act and Rehabilitation Act and his claims asserted against Defendants Cain, LeBlanc and Lamartiniere for failure to exhaust administrative remedies. The Magistrate Judge also recommended that Plaintiff's claims asserted against Defendants John Rabalais and Jessie Burkes be dismissed, with prejudice, on qualified immunity grounds. Finally, the Magistrate Judge recommended that the Court decline supplemental jurisdiction.

The Report and Recommendation notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact,

conclusions of law, and recommendations therein. (Doc. 39 at p. 1). Plaintiff timely filed an objection (Doc. 40).[1]

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 39)** is **ADOPTED** as the Court's opinion herein.

---

[1] Plaintiff objects to the Report and Recommendation on two broad grounds: (1) the Magistrate Judge clearly erred by finding that no issue of material fact existed as to the deliberate indifference of prison officials to Plaintiff's medical care and exposure to chemicals, and (2) the Magistrate Judge erred by finding that Plaintiff's claims were not exhausted because Plaintiff argues he sufficiently wrote his Administration Remedy Procedures (ARP) in a way that would exhaust all claims he now brings to this Court. For Plaintiff's first objection (regarding medical care), the record is clear that after displaying flu like symptoms Plaintiff was able to see a doctor and be treated for his symptoms. Even if Plaintiff feels that this care was sub-par, the Plaintiff's complaint here does not assert facts that properly raise a constitutional claim. *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (an Eighth Amendment claim for lack of medical care "must rest on facts clearly evincing 'wanton' actions on the part of the defendants."). Similarly, Plaintiff's complaint of exposure to chemicals only shows, at best, that Defendants were negligent, but fails to show that Defendants were deliberately indifferent, especially in light of evidence from the record showing that Defendants were unaware that Plaintiff would be exposed to pesticides during Plaintiff's work that day. Mere negligence is not enough to establish deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence."). As to the Plaintiff's second broad objection, the Plaintiff here misconstrues the Magistrate Judges reasoning. The Magistrate Judge did not find that the only reason Plaintiff's administrative grievance failed to exhaust is because it failed to name certain defendants. Instead, the Magistrate Judge found that the ARP itself did not adequately state properly justiciable claims, such that each claim now in the complaint could be considered exhausted by the ARP process. *See Porter v. Nussle*, 534 U.S. 516, 526 (2002) (recognizing that each claim brought to federal court must go through the prison's administrative grievance process). Because the ARP filed by Plaintiff was inadequate as to some claims, the Magistrate Judge did not err by dismissing those claims for failure to exhaust Plaintiff's administrative remedies.

IT IS FURTHER ORDERED that Defendants' **Motion for Summary Judgment (Doc. 19)** is **GRANTED**.

IT IS FURTHER ORDERED that Defendant Jessie Burkes's **Motion for Summary Judgment (Doc. 37)** is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Americans with Disability Act U.S.C. § 12101 claims and Rehabilitation Act 29 U.S.C. § 794 claims against Defendants are **DISMISSED**.

IT IS FURTHER ORDERED that Plaintiff's claims asserted against defendants Nathan Burl Cain, James LeBlanc, and Stephanie Lamartiniere are **DISMISSED**.

IT IS FURTHER ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against defendant John Rabalais and Jessie Burkes are **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that this action be **DISMISSED**.

Baton Rouge, Louisiana, this 29th day of September, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**